IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LAW OFFICES OF MARK KOTLARSKY, ESQ. PENSION PLAN | : | |
| v. | : | Civil Action No. DKC 14-1033 |
| | : | |
| JANET M. NEESE, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Pending before the court is an appeal filed by The Law Offices of Mark Kotlarsky Pension Plan ("Appellant") from an oral ruling made by United States Bankruptcy Judge Thomas J. Catliota on August 19, 2013. A hearing on the appeal is deemed unnecessary. *See* Fed.R.Bankr.P. 8012; Local Rule 105.6. For the reasons that follow, the appeal will be dismissed.

**I.  Background**

This case involves an appeal from an oral ruling by Judge Catliota. Judge Catliota sustained a trustee's objection to the approval of a Final Report and Account and held that certain funds be held in escrow by the trustee pending further investigation into ownership of said funds.

On November 18, 2010, Silver Spring Family Medical Center, LLC ("the Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, which commenced case number 10-36319-TJC before Judge Thomas J. Catliota. (ECF No. 1-13).

On November 23, 2010, Mark Kotlarsky entered his appearance in that case as counsel for Law Offices of Mark Kotlarsky, Esq. Pension Plan, an unsecured creditor of the Debtor. Case No. 10-36319-TJC, ECF No. 14 (D.Bankr. Nov. 23, 2010). Gary A. Rosen was appointed trustee over the Debtor's estate. Appellant filed a claim against the Debtor's estate.[1]

On February 6, 2013, Mark Kotlarsky filed for his personal bankruptcy under Chapter 7 of the United States Bankruptcy Court, which commenced case number 13-12002 before Judge Wendelin I. Lipp. Janet M. Nesse ("Appellee" or "Ms. Nesse") was appointed the Chapter 7 Trustee of the personal bankruptcy estate of Mark Kotlarsky. Case No. 13-12002, ECF No. 8-2 (D.Bankr. Feb. 6, 2013).

On May 9, 2013, Gary A. Rosen, trustee for the estate of Silver Spring Family Medical Center, LLC, filed a Final Report and Account in the bankruptcy case of *In re: Silver Spring Family Medical Center, LLC*, Case No. 10-36319. (ECF No. 1-11). On June 14, 2013, Ms. Nesse - as an interested party - filed an objection to this report. (ECF No. 1-10). In her brief, Ms. Nesse stated that:

> it appears that Kotlarsky may have a claim through the Law Offices of Mark Kotlarksy, Esq. Pension Plan. This claim is an asset

---

[1] The amount of the claim was initially $286,372.70, which was later amended to $91,411.35 to reflect receipt of partial payments. (ECF Nos. 3-3 to 3-5).

> Kotlarsky failed to disclose in his personal
> bankruptcy case which is currently pending.
> Although he listed a pension plan, it
> included only three accounts, no claims.
> Ms. Nesse has not yet received information
> on the pension plan as Kotlarsky's
> bankruptcy counsel is out of the country.

The Law Offices of Mark Kotlarsy, Esq. Pension Plan opposed the objection on July 22, 2013. (ECF No. 1-6).

On August 19, 2013, Judge Catliota held a hearing related to the Debtor's bankruptcy case. A review of the docket in the bankruptcy case reflects that the hearing addressed multiple objections, primarily regarding fees and discovery. During the hearing, Judge Catliota also addressed Trustee Nesse's objection to the Final Report and Account prepared by Trustee Rosen in connection with the Debtor's bankruptcy case. *In re: Silver Spring Family Medical Center, LLC*, Case No. 10-36319, ECF No. 100. (*See* ECF No. 1-17, at 4). Appellant does not provide a transcript of the hearing – a deficiency which will be discussed below - but both parties agree that Judge Catliota held that Mr. Rosen shall distribute the funds due to the Pension Plan to Trustee Janet M. Nesse to be held until ownership of said funds is determined.

On March 10, 2014, Judge Catliota issued a final decree in *In re: Silver Spring Family Medical Center, LLC* (Case No. 10-36319-TJC), and the underlying Chapter 7 bankruptcy case was closed. (ECF No. 1-4). Based on Trustee Rosen's Final Account

3

and Distribution Report, $41,148.55 was distributed to Janet Nesse, as trustee for Mr. Kotlarsky's estate, on August 28, 2013, in accordance with Judge Catliota's ruling. (ECF No. 1-5, at 9).

The Appellant filed a Notice of Appeal on March 18, 2014, seven months after the August 19, 2013 hearing. Trustee Nesse filed an opposition on May 2, 2014 (ECF No. 5), to which Appellant replied on May 15, 2014 (ECF No. 6).

## II.  Standard of Review

When reviewing a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed *de novo* and findings of fact are reviewed for clear error. *In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). A finding of fact is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The district court may affirm, modify, or reverse a bankruptcy order's order, or remand with instructions for further proceedings. *See* Fed.R.Bankr.P. 8013.

## III. Analysis

The crux of Appellant's argument is that Judge Catliota erred by sustaining Trustee Nesse's objection to the approval of

4

the Final Report and Account and instructing Trustee Gary Rosen

to distribute the pension plan's funds to Ms. Nesse, to be held

until ownership of said funds is determined. Petitioner asserts

that Judge Catliota issued this ruling orally and without

discussing the merits of Ms. Nesse's opposition to the Final

Report and Account.[2]

---

[2] As an initial matter, Appellant's failure to designate a
transcript of the August 19, 2013 hearing as part of the record
on appeal makes it virtually impossible to adjudicate this
appeal. Fed.R.Bankr.P. 8006 states:

> The record on appeal *shall* include the items
> so designated by the parties . . . and any
> opinion, findings of fact, and conclusions
> of law of the court. . . . If the record
> designated by any party includes a
> transcript of any proceeding or a part
> thereof, the party shall, immediately after
> filing the designation, deliver to the
> reporter and file with the clerk a written
> request for the transcript and make
> satisfactory arrangements for payment of its
> cost.

"Fed.R.Bankr.P. 8006 implies that the designation of a
transcript is not required." *Coley v. Draper*, Civ. No. WDQ-12-
2020, 2012 WL 5267436, at *3 (D.Md. Oct. 23, 2012). Here,
however, the record on appeal is incomplete, considering that
the ruling itself appears nowhere on the record. It is
Appellant's responsibility to provide all the necessary
materials from the record to be considered. Here, Appellant
included in his designation of record Trustee Rosen's Final and
Account, the objection filed by Janet Nesse, and Appellant's
response. (*See* ECF No. 1-2). Appellant did not, however,
include a copy of the transcript of the oral ruling from which
he appeals. This deficiency, in and of itself, provides
sufficient ground to dismiss the appeal. *See Hornick v. I.R.S.*,
252 B.R. 897, 899 (W.D.Pa. 2000) (dismissing the appeal because
the record was incomplete for purposes of reviewing the
bankruptcy court's finding of fact as clearly erroneous).

There are several problems with this appeal. Appellant argues that the August 19, 2013 oral order was never docketed,[3] thus it was not final or appealable until after the bankruptcy case of *In re: Silver Spring Family Medical Center, LLC* (case number 10-36319-TJC) was concluded in March 2014. (ECF No. 3, at 3). The order memorializing the ruling from which Appellant appeals has yet to appear on the docket, however. By Appellant's own logic, there still is no docketed order from which he can note an appeal.[4]

Bankruptcy Rule of Procedure 8002 provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed

---

[3] A minute entry from August 19, 2013 in Case No. 10-36319-TJC indicates that Judge Catliota requested Trustee Rosen to prepare an order memorializing his rulings. Bankruptcy Case No. 10-36319-TJC, ECF No. 100. Judge Catliota issued an order on August 20, 2013 related to the *other rulings* made during the August 19, 2013 hearing, but not the ruling from which Mr. Kotlarsky appeals. Bankruptcy Case No. 10-36319-TJC, ECF No. 101.

[4] Appellee argues that the appeal is not timely because it was noticed seven months after Judge Catliota issued an oral ruling at the August 19, 2013 hearing. Appellant counters that he timely noticed an appeal because an order sustaining Trustee Nesse's objection was never docketed, thus the time to appeal did not begin to run until after the underlying bankruptcy case closed. Appellant's position that a party can wait indefinitely to appeal a ruling that it believes is final because an order was never docketed is suspect. Because the appeal will be dismissed on other jurisdictional grounds, however, the timeliness argument need not be addressed.

from." Fed.R.Bankr.P. 8002(a). 28 U.S.C. § 158(a) provides that:

> The district courts of the United States have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title;[5]
>
> (3) with leave of the court, from other interlocutory orders and decrees.

**A.   Final Judgment, Order, or Decree**

In the bankruptcy context, an order is "final" and therefore appealable as a matter of right under 28 U.S.C. § 158(a) if it resolves a "discrete dispute[] within the larger case." *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir. 1985). "[T]he concept of finality in bankruptcy cases 'has traditionally been applied in a more pragmatic and less technical way . . . than in other situations.'" *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (*quoting A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986)). Judge Hollander explained in *Prologo v. Flagstar Bank, FSB,* 471 B.R. 115, 127 (D.Md. 2012):

> Despite the "more pragmatic and less technical" conception of finality that applies with respect to a bankruptcy appeal,

---

[5] Section 158(a)(2) does not apply here.

[] "an order must 'conclusively determine[] a separable dispute over a creditor's claim or priority,'" in order to be considered final. *In re urban Broadcasting Corp.*, 401 F.3d 236, 247 (4th Cir. 2005) (*quoting In re Saco Local Dev. Corp.*, 711 F.2d 441, 445–46(1st Cir. 1983)). In other words, *a final, appealable order is one that "finally dispose[s] of discrete disputes within the larger case."   In re Computer Learning Ctrs., Inc.*, 407 F.3d at 660.
(emphasis added).

The oral ruling from which Appellant appeals does not meet this standard.   The Law Offices of Mark Kotlarsky Pension Plan is an unsecured creditor in the bankruptcy case of *In Re: Silver Spring Family Medical Center*, Case No. 10-36319-TJC. (*See* ECF No. 1-11, at 8).   As stated earlier, in her objection to the approval of the final report and account, Trustee Nesse indicated that Mr. Kotlarsky did not disclose the funds from the unsecured claim as an asset in his personal bankruptcy. (ECF No. 1-10 ¶ 6).   Ms. Nesse requested that "the Trustee's Final Report and Account not be approved until the ownership of said asset is determined or, in the alternative, that all funds attributable to this claim be held by the Trustee until the ownership of said asset is determined." (*Id.* ¶ 7).   Both parties agree that by oral ruling during the August 19, 2013 hearing, Judge Catliota instructed Trustee Rosen to distribute the funds to Trustee Nesse to be held in escrow, pending further investigation by Trustee Nesse into ownership of the claim

(*i.e.,* whether the claim belongs to the pension plan or Mr. Kotlarsky personally). The ruling did *not* finally determine the substantive rights of the Appellant in either bankruptcy case (Case No. 10-36319-TJC or his own personal bankruptcy case), nor did it finally dispose of discrete disputes within the larger bankruptcy case. At best, it was a temporary ruling, pending the results of further investigation by Ms. Nesse – the trustee over Mr. Kotlarsky's personal bankruptcy estate – regarding whether the claim is an asset that belongs to Mr. Kotlarsky personally or to the pension fund. The ruling did not *conclusively* determine a separable dispute over Appellant's claim or priority in either bankruptcy case. Thus, the ruling did not constitute a final order from which an appeal can be noticed.

### B.    Interlocutory Orders and Decrees

28 U.S.C. § 158(a)(3) also grants district courts appellate jurisdiction over interlocutory, non-final orders of the Bankruptcy Court, provided the court grants leave to appeal. Leave to appeal is governed by Fed.R.Bankr.P. 8003. A request for leave to appeal generally must be made by motion. Fed.R.Bankr.P. 8003(a)-(b). Here, Appellant filed a notice of appeal; he did not move for leave to appeal. Rule 8003(c) provides, in part:

> If a required motion for leave to appeal is
> not filed, but a notice of appeal is timely
> filed, the district court . . . may grant
> leave to appeal or direct that a motion for
> leave to appeal be filed.   The district
> court . . . may also deny leave to appeal
> but in so doing shall consider the notice of
> appeal as a motion for leave to appeal.

The notice of appeal will be treated as a motion for leave to appeal pursuant to Fed.R.Bankr.P. 8003(c).   "When a litigant seeks leave to appeal from an interlocutory order of a bankruptcy court, [] district courts in this circuit have found guidance in the standard for certification of orders for interlocutory review by the circuit court of appeal under 28 U.S.C. § 1292(b)."   *See Prologo*, 471 B.R. at 129; *In re Rood*, 426 B.R. 538, 548 (D.Md. 2010).   An interlocutory appeal can be certified when: (1) the "order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."   28 U.S.C. § 1292(b).   If any of these three elements is unsatisfied, leave to appeal cannot be granted.

Even assuming the appeal was timely noticed here, the oral ruling that is at the center of this appeal does not involve a controlling question of law.   "An order involves a controlling question of law when either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination

of the issue on appeal would materially affect the outcome of the litigation." *In re Travelstead*, 250 B.R. 862, 865-66 (D.Md. 2000); *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (Table opinion) (noting that a controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes"). Here, Judge Catliota exercised discretion in holding that the funds be held in escrow by Trustee Nesse pending completion of the investigation to determine whether the claim at issue in the bankruptcy case of *In re: Silver Spring Family Medical Center, LLC*, Case Number 10-36319-TJC, belonged to Mr. Kotlarsky or the pension plan. *See Prologo*, 471 B.R. at 130 ("As to the Adversary Order, it merely held that the Chapter 13 Trustee, and not Prologo, was entitled to seek avoidance of Flagstar's lien. The controlling issue of law . . . (*i.e.,* whether the lien should be avoided, not who was entitled to seek avoidance) was not resolved. . . . Accordingly, [the] Order is [not] appropriate for interlocutory review.").

Accordingly, the appeal will be dismissed.

## IV.  Conclusion

For the foregoing reasons, the appeal will be dismissed.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge